IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:20CR618 |
|---|---|---|
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| v. | ) | |
| RONALD GRAB, | ) | GOVERNMENT'S RESPONSE TO REOPENING DETENTION |
| Defendant. | ) | DETERMINATION FOR A THIRD TIME |

The government contends, and this Court has previously agreed, that "what we can't necessarily permit as a system is an endless succession of bond hearings in the hope that the defendant strikes gold and hits just the right combination with that judge at the time. . . ." (Ex. 1, Pg. 6, 16-23). Defendant's current request is that we reopen the detention issue for a third hearing with the only difference being that he is proposing Defendant's girlfriend as a custodian. The proposed conditions were known at the time of the first two hearings, and therefore, there is no new information to consider. The Court should deny his request without a hearing.

**A. Background**

On September 14, 2020, the FBI arrested Defendant pursuant to a criminal complaint and arrest warrant. (Doc. 1). Defendant appeared the same day for his initial appearance in front of the U.S. Magistrate Judge and the Court scheduled a detention hearing for September 18, 2020. (Doc. 4). On September 18, the Magistrate Judge held a detention hearing and heard testimony from Special Agent Sara Pedersen. (Minutes of Combined Preliminary/Detention Hearing, Sept. 18, 2020). At the conclusion of the hearing the Magistrate Judge found by clear and convincing

evidence there was no combination of conditions that would reasonably assure the safety of the community. (*Id.*) Defendant appealed this determination to the District Judge. (Doc. 10).

On October 23, 2020, Your Honor conducted a second detention hearing under a *de novo* review standard. (Minutes of proceeding, Oct. 23, 2020). Again, the Court heard testimony from Special Agent Pedersen. (*Id.*) Defendant offered no evidence. (*Id.*). At the conclusion of the hearing, Your Honor affirmed the Magistrate Judge's determination that there was no combination of conditions that would assure the safety of the community. (*Id.*)

On December 3, 2020, Defendant filed his third request for a detention hearing making no mention of any new information for the Court. (Doc. 13). Instead, Defendant offers to reside with his girlfriend who would serve as a custodian.

**B. Argument**

Courts do not have limitless discretion to reopen bond determination, rather, a detention determination may be revisited only if the court finds (1) information exists that was unknown to the defendant at the time of the hearing, and (2) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance at trial and safety to any person in the community. 18 U.S.C. 3142(f)(2)(B); *United States v. Watson*, 475 Fed.Appx. 589, 600 (6th Cir. 2012); *United States v. Mohammad*, No. 3:15CR358, 2017 WL 2365247, at *2 (N.D. Ohio May 31, 2017).

New and material information must consist of "truly changed circumstance, something unexpected, or a significant event." *United States v. Jerdine*, No. 1:08CR00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009). Even then, the district court has discretion in deciding whether to reopen a detention hearing. *Watson*, 475 Fed.Appx. at 601 (highlighting the word "may" in Section 3142(f)(2)(B)).

This is not the first time the government has made this argument before this Court. In *United States v. Asif Salim*, Case No. 3:15CR358 (N.D. Ohio), District Judge Jack Zouhary held a detention hearing and found there were no terms and conditions that would assure the safety to the community. (Doc. 38). The case was subsequently transferred to Your Honor and the defendant asked to reopen the detention issue submitting to the court a new custodian and place to reside. (Minutes of proceeding, February 9, 2018). The government objected on the same grounds it is in this case, in that, the new proposed conditions does not qualify as "new and material information" for purposes of the Bail Reform Act. (Doc. 295).

After submission of motions and oral argument, Your Honor said, "I get the government's point. I think it's well taken, . . . what we can't necessarily permit as a system is an endless succession of bond hearings in the hope that the defendant strikes gold and hits just the right combination with that Judge at the time to make it- to make it a good argument." (Ex. 1, Pg. 6, 16-23). Your Honor ultimately reopened the detention issue, but only on the ground that the first district judge did not address an alternative proposal from the defendant made at the first detention hearing. (*Id.*, Pg. 6-8).

This Court's reasoning about successive detention hearings is in good company. In *United States v. Smith*, No. 3:11-00194-14, 2012 WL 3879244 (M.D. Tenn. September 6, 2012), the court held a detention hearing where the defendant offered an employer and third-party custodian as his terms and conditions of release. *Id.* at *1. After a detention hearing, the court denied the defendant's request citing safety of the community as its principal concern. *Id.* About three months later, the defendant filed a renewed motion for release merely switching the proposed employer and custodians. *Id.* The court denied the defendant's request without a hearing because switching the employer and custodian was not new information and had no

3

material bearing on whether there were conditions of release to assure the safety of the community. *Id*. at *2.

Courts have reserved reopening detention hearings for situations such as when a suppression issue is decided after the first detention hearing that greatly affects the likelihood of conviction, *United States v. Peralta*, 849 F.2d 625, 626-627 (D.C. Cir. 1988); or an expert report that was unavailable to the defendant at the time of the first detention hearing that undercuts the entire prosecution's case against the defendant, *Rodriguez-Adorno*, 606 F.Supp 2d. 232, 235 (D.P.R. 2009).

There are no similar circumstances here. Instead, we have the defendant trying to "strike gold" with the court for a third time by offering conditions that were available to him during the time frame of the first two hearings. As such, Defendant has not met his burden of demonstrating that there is new and material information that would justify the court reconsidering his detention. The Court should deny his request.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Michael Freeman
Michael Freeman (OH: 0086797)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604
(419) 241-0724
(419) 259-6360 (facsimile)
Michael.Freeman2@usdoj.gov