IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RONALD E. GRAB,<br><br>　　Defendant. | Case no. 3:20-cr-00618-JJH<br><br>Hon. Jeffrey Helmick<br><br><u>DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DETENTION HEARING</u> |

　　Defendant Ronald Grab filed a motion seeking pretrial release, with proposed terms including a custodian.

　　The government contends that the Court should not entertain defendant's motion. The government offers no authority for the position that this defendant should be denied a hearing. Rather, the government offers the obvious: that this Court has discretion in its approach to a request for release. The government does make an anecdotal reference to a completely unrelated case in which the Court declined to entertain a successive motion for release. But being a completely unrelated case and presumably involving totally different circumstances, the government's suggestion that this Court should make the very same ruling here, is completely insubstantial.

1

The fact is, defendant Grab was, at the time of the previous hearing, in the unfortunate position of having no-one to offer as a custodian. His girlfriend, who is now proposed as custodian, has been nearly immobile with a severely arthritic hip. At the time of the previous hearing, she was scheduled for hip replacement surgery and she and Mr. Grab concluded that taking on the responsibility of custodian would not be in her best interest until the surgery was completed and physical therapy was underway.

She has completed surgery, and is approximately two weeks post-op, back on her feet and rapidly progressing through physical therapy.

Of course, with a hearing, the Court will hear from the proposed custodian firsthand and will have the opportunity to judge her suitability as a custodian.

With respect to the government's position, circumstances have also changed. The government initially (during the initial hearing before the Magistrate) contended that Mr. Grab is a danger to others because of the possibility that he had been in possession of the biological agent ricin. When that possibility was ruled out, the government then suggested (in the hearing before this Court) that ammunition seized from Mr. Grab's residence contained an unknown substance – with the implication that it might be a dangerous substance - still being studied in the government's lab. Nothing

has been heard since, so presumably the substance has not been shown to be anything of danger.

More recently the government points to Mr. Grab's possession of a confederate flag and a single antique pin with a Nazi logo. As undersigned counsel stated at the previous hearing, both of those symbols are odious. But in this country their possession is most certainly protected speech. That is, to the extent that they are considered speech as opposed to historical artifacts possessed as such.

Moving its focus from a potential biological agent, to a potential dangerous agent of unknown nature, to complaints about Mr. Grab's possible ideological leanings, the government's changing position itself (in addition to the proposed custodian's medical circumstances) constitutes evolving circumstances on the question of release.

So no, defendant is not randomly casting about hoping for a "lucky strike."

It should also be noted that in overruling Mr. Grab's motion for release, this Court stated that its most significant concern was that Mr. Grab would be released on his own without the safety layer of a custodian. The Court suggested (while expressly disavowing any commitment to a favorable ruling) that the request for pretrial could be reconsidered if Mr.

Grab could propose a custodian. That is exactly the posture of the instant request.

Mr. Grab requests the opportunity of a hearing to demonstrate that this Court can confidently grant him pretrial release.

Respectfully submitted,

s/ Thomas P. Kurt

_____

Thomas P. Kurt
Attorney for Defendant
610 Adams Street
Toledo, Ohio 43604
Ph. (419) 214-5495

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2020, the foregoing Reply was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

s/ Thomas P. Kurt

_____
