IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD E. GRAB,<br><br>    Defendant. | Case no. 3:20-cr-00618-JJH<br><br>Hon. Jeffrey Helmick<br><br>DEFENDANT RONALD GRAB'S MEMORANDUM OPPOSING GOVERNMENT'S MOTION TO FILE RESPONSE EX PARTE |

MEMORANDUM

Defendant filed a motion for an order directing Corrections Center of Northwest Ohio to allow an in-person visit between counsel, defendant, and defendant's girlfriend, Wendy Millenbach.

The Court granted the motion; the government now requests reconsideration, and further requests leave to file its reasons for opposing defendant's request *ex parte* and under seal.

The government's position is most puzzling. The government has never requested an order prohibiting communication between defendant and Ms. Millenbach. In fact, defendant and Ms. Millenbach have conversed by telephone on a regular basis. Presumably, the government takes advantage

1

of defendant's pre-trial detention to listen to those conversations (since CCNO telephone calls are monitored.)

Now, the government opposes a sit-down between counsel, defendant, and Ms. Millenbach. The government suggests (in a conversation between counsel and AUSA Freeman) that the same meeting – between defendant, Millenbach, *and defendant's attorney* – can just as easily be conducted by telephone, and therefore opposes the request.

Why does the government care whether the meeting is in-person or by telephone? Logically, the only answer to that question is that the government wants to monitor the meeting between defendant, Millenbach, *and defendant's attorney.*

Obviously, such monitoring would be a flagrant violation of defendant's Sixth Amendment right to counsel, as well as the rules of professional conduct.

If the government has some other reason for opposing the request for an in-person meeting (yet acquiescing in the same meeting by telephone) it should state those reasons on the record. At a minimum, the government should provide some basis, at least in general terms, as to why it needs to give its reasons *ex parte*.

Defendant therefore opposes the government's motion for leave to file *ex parte*.

Respectfully submitted,

s/ Thomas P. Kurt

_____
Thomas P. Kurt
Attorney for Defendant
610 Adams Street
Toledo, Ohio  43604
Ph. (419) 214-5495

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021, the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

s/ Thomas P. Kurt

_____